IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA DAHLBERG, Individually,
and as Personal Representative of the
Estate of Ronald Dahlberg,

        Plaintiff,
vs.                                                    CIVIL NO. 11-203 RHS/LFG

MCT TRANSPORTATION, LLC et al.,

        Defendants.

## ORDER OVERRULING DEFENDANTS' OBJECTIONS
## TO PLAINTIFF'S SUPPLEMENTAL DISCLOSURES

THIS MATTER is before the Court on Defendants' Objections to Plaintiff's Supplemental Disclosures [Doc. 40]. Defendants correctly note that, at the Fed. R. Civ. P. 16 scheduling conference conducted on April 19, 2011, Plaintiff Barbara Dahlberg ("Dahlberg") had not complied with the requirements of D.N.M.LR-Civ. 26.3(d).

### Disclosures

The federal rule provides that when a plaintiff is making claims for physical, mental or emotional injury, the plaintiff must provide a five-year treatment history identifying all healthcare professionals by name, address and telephone number who have provided healthcare to plaintiff for any reason, not just the reasons giving rise to the damages in the lawsuit. D.N.M.LR-Civ 26.3(d)(1). The plaintiff is also required to execute the HIPAA compliant physical and psychological release forms. D.N.M.LR-Civ. 26.3(d)(3).

The five-year treatment history is measured from the occurrence that gave rise to the lawsuit. Thus, Dahlberg, in this case, acting as the Personal Representative of Ronald Dahlberg, must provide the information for all healthcare providers Mr. Dahlberg saw in the five years preceding

the accidental injury. To the extent she is seeking damages in her own name, Dahlberg must provide the same information for herself.

Identifying the healthcare providers informs opposing counsel as to whom the medical/psychological release forms should be sent. Moreover, by identifying all healthcare providers, not just those who provided services for injuries relevant to the complaint, opposing counsel may obtain information which demonstrates the claimed damages may be related to other factors, not just the accident.

For example, when a plaintiff makes a claim for, *inter alia*, emotional injury, and asserts the emotional injury arose out of the accident giving rise to the complaint, a defendant is not required to accept the plaintiff's attribution. Rather, defendant is entitled to independently explore if there are other factors that may have caused or contributed to the source of damages. For example, a plaintiff asserting emotional harm as a result of an automobile accident might have testimony challenged on cross-examination when medical records show that the plaintiff expressed to doctors that he/she was having marital difficulties, or difficulties with children, finances or employment. So, too, if the plaintiff was struggling with a serious illness, that, while unrelated to the accident, causes great worry and concern. All of these are factors may be considered by the fact finder in determining that the plaintiff's present emotional condition may have other causes or causal connectors.

In this case, if Dahlberg provided a list of all healthcare providers seen during the five years preceding the occurrence, that is all she is required to do. Dahlberg may have no intention of calling all of those healthcare providers. The disclosure is to allow Defendants to obtain medical records on Dahlberg which may help explain, define or refute her present claims for damages.

The Court determines that Dahlberg's D.N.M.LR-Civ. 26.3 disclosures were sufficient and therefore overrules Defendants' objections.

## Witnesses

Defendants next object to Dahlberg's "may call" list, indicating that paragraphs 16, and 19 through 25 are insufficient and fail to provide them with information necessary to determine whether those witnesses should or should not be deposed.

The Court agrees, but specifically notes that in its Scheduling Order [Doc. 26, page 2, n. 1], it required Dahlberg to disclose by July 18, 2011 the identity of healthcare providers that would be called in this case. All experts were to be disclosed whether or not the expert was providing a Rule 26 report. This procedure allows Defendants to wait until Dahlberg's expert disclosure date to finally determine which healthcare providers need to be deposed.

Frequently, at the commencement of a lawsuit, a plaintiff may not know which of the healthcare providers will be called and which will not be called. Therefore, out of an abundance of caution, plaintiffs tend to disclose the identity of any healthcare provider they saw. That listing includes primary physicians, radiologists, nurses, specialists, etc. Such broad disclosure may well have the effect of hiding the true witness in an avalanche of disclosures. It is for that reason the Court uses this "fess-up" date as outlined in its Scheduling Order. By the plaintiff's disclosure date, plaintiff must identify the healthcare providers it will be calling (as opposed to may be calling). Now, armed with the information as to what medical experts will be called, the defendant has ample time to take the experts' depositions.

In this case, the witnesses to which Defendants object are not "will call," but, rather, "may call" witnesses. The Court earlier advised the parties that when, during the course of case preparation, Dahlberg determines to move a witness from the "may call" to the "will call" list, she

3

must notify opposing counsel and then provide all information required by way of supplemental disclosures, including a review of the information that the disclosing party may use to support its claims or defenses, and identify the subject matter of that information.

As that disclosure date is not yet upon us, the Court overrules Defendants' objections.

The Court's analysis is the same for Defendants' objection for improper and irrelevant witnesses. If they have been included in the "will call" listing, then, Defendants' objection is well-taken and Dahlberg must disclose, with some degree of specificity, what the witness is likely to present at trial. However, if the witness is on the "may call" list, no additional information need be provided until a supplementary disclosure is made--if at all. In that event, the supplementary disclosure must strictly adhere to the requirements of Rule 26.

## Documents

To avoid the concerns about insufficient description of documents, the Court will simply require the parties to proceed as follows: within twenty days, each party is to produce to the opposing counsel a copy of the documents it will seek to introduce at the time of trial. This production requirement eliminates questions about what documents will be used and where they are located. The failure to produce documents within the time authorized, or to comply with any extension as granted by the parties or by the Court, will result in an order precluding the use of the document at trial.

## Damages

Defendants also object to Dahlberg's damage calculation. Rule 26 gives plaintiffs an option. When a sum certain is claimed, the plaintiff is required to disclose the component parts of that sum identifying how the plaintiff arrived at whatever figure is being used. Recognizing that at the commencement of litigation, a plaintiff may not have all of the information to calculate the damages,

a plaintiff is then simply required to disclose the categories of damages.  In this case, it appears Dahlberg has done both.

The Court determines that to the extent Dahlberg disclosed the categories of damages being sought, the disclosures are sufficient under Rule 26's initial disclosure rules.  Further, to the extent Dahlberg submitted a breakdown of how she arrived at certain figures, that, too, is within the spirit of the rules.

In sum, the Court determines that Defendants' objections are not well-taken and are therefore overruled.

SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge