IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA DAHLBERG, individually,
and as personal representative of the
estate of Ronald Dahlberg,

        Plaintiff,

  vs.                                            CIVIL NO.  11-203 RHS/LFG

MCT TRANSPORTATION, LLC,
DANIEL J. O'BRIEN and JOHN DOES
1-20,

        Defendants.

## ORDER AMENDING SCHEDULING ORDER

THIS MATTER is before the Court on two motions:  Plaintiff's Motion for Extension of Time to Depose Corporate Representatives Pursuant to Local Rule 16.1 and Federal Rules 6(B) and 16(B)(4) [Doc. 99, which is opposed]; and Plaintiff's Unopposed Motion for Extension of Time to Depose Defendants' Expert Witnesses [Doc. 101].

The unopposed motion is to take the depositions of Defendants' two expert witnesses, and those depositions are scheduled for October 5 and October 21.  The Court grants the unopposed request, but for the reasons hereafter stated, the parties may modify the dates of those depositions.

The opposed motion is Plaintiff's request to take the Fed. R. Civ. P. 30(b)(6) depositions of two of Defendants' corporate representatives.  One deposition will be of a safety director or official, the other will be of an operations manager or official.  These depositions should have been taken within the original case management deadline which expired on September 16, 2011.

Plaintiff argues she will be prejudiced in her ability to prosecute her claims in the absence of the proposed testimony, and that Plaintiff's trial schedule caused the failure to complete discovery

within the case management deadlines. Further, there is no pretrial conference or trial setting.

In Rimbert v. Eli Lilly, 647 F.3d 1247 (10th Cir. 2011), the circuit court dealt with a trial court's adherence to a scheduling order and declined the plaintiff's request to set new deadlines in a case where there was no trial date pending. The court determined that the refusal to modify the scheduling order constituted an abuse of discretion. The circuit recognized that a court's refusal to enter a new scheduling order could be reviewed only for abuse of discretion, Summers v. Missouri Pacific Railroad System, 132 F.3d 599 (10th Cir. 1997), and that a trial court is afforded broad discretion in managing its pretrial schedule. However, scheduling orders can have an outcome determinative effect on a case, and, therefore, "total inflexibility is undesirable." Rimbert, 647 F.3d at 1254. The court noted that a scheduling order which results in exclusion of evidence is a drastic sanction, Summers, 132 F.3d at 604, and should be used sparingly. Id.

The Summers authority on which our circuit relied sets out four factors to determine whether a trial court abuses its discretion in refusing to alter a scheduling order. First, the court should inquire if there is prejudice, and, second, whether the prejudice can be cured. Third, the court should determine whether modification of the scheduling order would disrupt the trial, and, finally, whether the failure to comply with the original scheduling order was a result of willfulness or bad faith.

In this case, the prejudice that would befall Defendants is increased costs, the potential of modification of its expert reports, and delay. While Defendants are correct that they would be prejudiced by incurring expense and litigation costs, the circuit noted that "extra expense alone is not the type of prejudice contemplated under Summers." Rimbert, 647 F.3d at 1255. It is undisputed that Defendants will be prejudiced by having to incur the costs of producing two corporate representatives, prepping them for depositions, defending the depositions, and potentially having to alter expert reports based on what evidence is presented by their corporate representatives.

While all of these outcomes are likely, the prejudice can be ameliorated by cost shifting and allowing additional time. Thus, while Defendants will indeed be prejudiced with new costs, that prejudice can be cured.

The next and perhaps key factor that prompted the circuit's determination that the trial court in Rimbert had abused discretion was the fact that there was no pretrial conference or trial date pending. Rimbert, 647 F.3d at 1254. Thus, there was no deadline against which the court was working. Such is the case here. There is no pretrial conference or trial date at present. Thus, the Court would be hard pressed to justify not granting a reasonable extension so as to allow evidence which may be relevant to the claims and defenses to be discovered. Based on the circuit's analysis in Rimbert, it would likely constitute an abuse of this Court's discretion if it refused to alter a scheduling order when no trial date is pending.

The final Summers factor involves willfulness or bad faith. It is clear that Plaintiff was not diligent in pursuing discovery. *See* Clerk's Minutes [Doc. 83]; and even after the Court reminded Plaintiff's counsel that deadlines were fast approaching, he failed to act diligently to complete discovery. This conduct, while negligent, does not constitute willfulness or bad faith.

Accordingly, the Court grants Plaintiff's motion to reopen discovery and allows Plaintiff 30 days from the date of this order to take the deposition of Defendants' two Rule 30(b)(6) deponents. Thereafter, if information obtained from the deponents results in Plaintiff's own expert having to modify his or her expert report, Plaintiff will have 30 days thereafter to tender a new expert report based on the supplementary evidence obtained. Defendants will have 30 days thereafter to modify their own expert report and serve any report with modified opinions based on Plaintiff's new report. Finally, the Court will give the parties 30 days thereafter to take expert depositions.

The applicable revised case management deadlines are as follows:

3

| | |
|---|---|
| Close of discovery for the two corporate representatives | November 3, 2011 |
| Deadline for submission of Plaintiff's revised expert report | December 2, 2011 |
| Deadline for Defendants' revised expert report | January 3, 2012 |
| Deadline for expert discovery | February 2, 2012 |
| Discovery motions deadline | February 22, 2012 |
| Pretrial motion (other than discovery) deadline | March 5, 2012 |
| Pretrial Order:<br>    Plaintiff to Defendants<br>    Defendants to the Court | <br>April 20, 2012<br>May 4, 2012 |

To somewhat ameliorate the prejudice occasioned as a result of Plaintiff's failure to complete discovery within the original deadlines, the Court will assess against Plaintiff two hours of defense counsel Lance Richards' attorney time at his standard billing rate of $160 per hour, plus gross receipts tax for each of the two Rule 30(b)(6) depositions.  In the event the corporate depositions exceed two hours each, Mr. Richards may apply for additional attorney fees and costs.  In addition to the two hours per deposition attorney fee award, the Court will assess against Plaintiff the cost of one copy of each of the deponent's transcripts to be provided to Defendants.  Further, in the event the information obtained from the two corporate representatives results in Plaintiff's experts having to revise his or her expert opinion, and if that revision compels Defendants' experts to revise their opinions, the Court reserves authority to assess the costs of Defendants' expert report revisions, including both expert fees and attorney fees against Plaintiff.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

4