IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA DAHLBERG, individually,
and as Personal Representative of the
Estate of Ronald Dahlberg,

    Plaintiff,

vs.                                    No. CIV 11-203 RHS/LFG

MCT TRANSPORTATION, LLC. et al.,

    Defendants.

**ORDER GRANTING DEFENDANT
MCT TRANSPORTATION, LLC AND DANIEL J. O'BRIEN'S SECOND MOTION
FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF PUNITIVE DAMAGES**

THIS MATTER comes before the Court on Defendant' Second Motion for Partial Summary Judgment On Issue of Punitive Damages (Doc. 113), which became ready for review on November 18, 2011. After a thorough study of the Motion, Plaintiff's response (Doc. 125), Defendant's reply (Doc. 135), and all of the exhibits submitted for judicial review, the Court concludes that the motion is well-taken and should be granted.

This case addresses a tractor-trailer and travel-trailer collision on the interstate, and the travel-trailer driver's death. Plaintiff seeks punitive damages against Defendants under Count I, Wrongful Death, ¶ 41; Count II, Negligence Per Se, ¶ 50; and Count III, Aggravating Circumstances, ¶ 52. Plaintiff alleges that "Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Barbara Dahberg, Ronald Dahberg, and other people similarly situated, justifying the imposition of punitive damages." Compl. ¶ 41.

**UNDISPUTED MATERIAL FACTS**

Plaintiff addressed some of Defendant's asserted facts with a general objection, rather than offering specific evidence to show that the fact is genuinely in dispute. According to the Federal Rules of Civil Procedure, "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . ." Fed. R. Civ. P. 56(e). The local rules also state that "All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted." D.N.M.LR-Civ. 56.1(b). According to the applicable rules, the Court concludes that the following material facts are not genuinely in dispute.

1. Defendant O'Brien, a commercial driver for MCT Transportation, LLC, was driving a tractor-trailer southbound on Interstate 25 (Plaintiff's Complaint, Doc. 125-1).

2. Decedent Ronald Dahlberg was driving a Ford F-250, which was pulling a trailer southbound on Interstate 25 (Plaintiff's Complaint ¶ 28).

3. Eye witness Justin Dubois was driving northbound on Interstate 25 and saw both the Defendant and Plaintiff's vehicles before, during and after the accident (Doc. 125-2).

4. Dubois did not see the Defendants' vehicle encroach into the Dahlberg vehicle's lane (Doc. 114-2).

5. Dubois saw the Dahlberg vehicle passing the Defendants' vehicle and saw the Dahlberg vehicle blow over (Doc. 114-2).

6. Dubois did not see the Dahlberg vehicle and the Defendants' vehicle make contact before the Dahlberg vehicle was on its side (Doc. 114-2).

7. Dubois has not offered any testimony to suggest that Defendants's conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith.

8. Plaintiff Dahlberg, who was a passenger at the time of the accident, told her husband, the driver, that Defendants' vehicle was moving into the Dahlberg's lane, which was the left lane. Plaintiff Dahlberg noted that the Defendants' vehicle was acting "squirelly" (Doc. 114-3, Doc. 114-4, Doc. 125-3).

9. Plaintiff Dahlberg has not offered any testimony to suggest that Defendants' conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith.

10. Defendant O'Brien has not offered any testimony to suggest that Defendants' conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith.

11. Officer Clouthier, New Mexico Department of Public Safety, Motor Transportation Police, inspected Defendant O'Brien's vehicle, driver's license, medical card, truck trailer registration, Bill of Lading, and log book over the course of approximately two hours after the accident (Doc. 114-8).

12. Officer Clouthier did not issue any citations to Defendant O'Brien, other than citations for the damage to Defendants' vehicle caused during the accident (Doc. 114-10).

13. Officer Carl Patty investigated the accident and concluded, "I did not find any evidence of a criminal nature, whether it be careless driving, or any roadway or moving violation." Officer Patty did not cite either driver for any violation and noted in his report that there was not any driver error (Doc. 114-12).

14. None of the officers offered testimony to suggest that Defendants' conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith.

15. Plaintiff's accident reconstructionist, Kevin Johnson, opined that "the jury or people with additional information may be able to make [the] assumption" that Defendant O'Brien was fatigued (Doc. 153-13).

16. Johnson has not offered any testimony to suggest that Defendants' conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith.

17. Plaintiff's trucking expert Walther Guntharp opines that Defendants' vehicle was traveling at approximately 65 miles per hour, which was 10 miles per hour below the posted speed limit.

18. Expert Guntharp has not offered any testimony to suggest that Defendants' conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith.

**STANDARD OF REVIEW**

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

## APPLICABLE LAW

Defendants cannot be liable for punitive damages at trial unless the jury were to find that Defendants' conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith. NMRA Uniform Jury Instruction (UJI) 13-1827.[1] The jury instruction defines these terms:

> Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful. Willful conduct is the intentional doing of an act with knowledge that harm may result. Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness. Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's [rights] [safety].

The New Mexico Supreme Court wrote, "it is well settled that because the limited purpose of punitive damages is to punish and deter persons from certain conduct, there must be some evidence of a culpable mental state." Paiz v. State Farm Fire and Casualty Co., 118 N.M. 203, 210, 880 P.2d 300 (1994).

## ANALYSIS

1. **The Undisputed Material Facts Do Not Support a Claim for Punitive Damages Against Defendant O'Brien.**

Plaintiff wishes to pursue claims at trial for punitive damages against driver Defendant O'Brien for conduct related to the fatal accident on Interstate 25 in February 2008. However, Plaintiff has not met her burden on summary judgment to proffer any evidence to suggest that Defendant O'Brien's conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith. NMRA UJI 13-1827. Because Plaintiff cannot offer any evidentiary support for her punitive damages claims, summary judgment in Defendant O'Brien's favor is appropriate.

---

[1] Plaintiff cites to UJI 13-861 for the punitive damages standard. That jury instruction relates to contracts. This case involves tort damages, so Court will apply UJI 13-1827.

Plaintiff has had the opportunity to create a genuine dispute as to material facts, but has failed to do so despite an ample list of deponents. Depositions have been taken from Plaintiff Dahlberg, who was in the accident that is the subject of this suit; Defendant O'Brien, who was driving the other vehicle in the accident; Justin Dubois, an eye witness; Officers Clouthier and Patty, who were at the accident scene; Kevin Johnson, Plaintiff's accident reconstructionist; and Walter Guntharp, Plaintiff's trucking expert witness. Plaintiff has not cited to any deposition testimony to raise an issue regarding whether Defendant O'Brien's conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith. NMRA UJI 13-1827.

In sum, Plaintiff has not met her burden on summary judgment to show that there is a genuine issue for trial regarding Defendant O'Brien's culpable mental state to support a claim for punitive damages, and the punitive damages claims against Defendant O'Brien will be dismissed.

### 2. The Undisputed Material Facts Do Not Support a Claim for Punitive Damages Against the Institutional Defendants.

Plaintiff has asserted identical claims for punitive damages against Defendant O'Brien, the individual truck driver, and the various institutional Defendants. The punitive damages claims against the institutional Defendants will be dismissed for several reasons. First, Plaintiff has not provided any material facts to support a claim against Defendant O'Brien for any of his conduct, and therefore Plaintiff does not have a viable claim of vicarious liability against Defendant O'Brien's employer or related companies for any of Defendant O'Brien's conduct. Two, even if there were evidentiary support to create a genuine issue of material fact, Plaintiff has not pointed to any persuasive evidence to suggest that the employer authorized,

participated in, or ratified the conduct.  NMRA UJI 13-1827.  Three, to the extent that Plaintiff seeks punitive damages against the institutional Defendants for any claim related to the institutional Defendants own action, such as negligent hiring or supervision, those claims will also be dismissed because Plaintiff has not proffered any evidence to support those claims for punitive damages.

In sum, the claims for punitive damages against all institutional Defendants will be dismissed because there is not any genuine issue of material fact for a jury to consider.

## CONCLUSION

The motion, response, reply and all exhibits submitted for judicial review have demonstrated that there is not any genuine dispute as to any material fact regarding whether Defendants' conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith.  As a result, Defendant is entitled to judgment as a matter of law.  Plaintiff's claim for punitive damages under Count I, Wrongful Death, ¶ 41; Count II, Negligence Per Se, ¶ 50; and Count III, Aggravating Circumstances, ¶ 52 are dismissed.  Defendants' Second Motion for Partial Summary Judgment on the Issue of Punitive Damages (Doc. 113) is GRANTED.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE