IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BARBARA DAHLBERG,** individually,
and as Personal Representative of the
Estate of Ronald Dahlberg,

        Plaintiff,

vs.                                                              No. CIV 11-203 RHS/LFG

**MCT TRANSPORTATION, LLC.** et al.,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING JT HAYES' PRIOR
ACCIDENT RECONSTRUCTIONS AND PRIOR CASE OUTCOMES, AND
GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
AND TESTIMONY REGARDING THE REFERENCE OF DEFENDANTS' ECM
MODULE BEING ALTERED, INCOMPLETE OR INACCURATE**

        THIS MATTER comes before the Court on Defendants' Motion in Limine to Exclude Evidence and Testimony Regarding J.T. Hayes' Prior Accident Reconstructions and Prior Case Outcomes (Doc. 165), and Defendants' Motion in Limine to Exclude Evidence and Testimony Regarding the Reference of Defendants' ECM Module Being Altered, Incomplete or Inaccurate (Doc. 166). The Court has reviewed the respective responses, replies and all the filings in the above-captioned case and concludes that the motions will be granted.

### APPLICABLE LAW

        Both motions address whether certain issues are relevant. According to Federal Rule of Evidence 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Generally, irrelevant evidence is not admissible. Fed. R. of Evid. 402. Furthermore, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## JT HAYES' PRIOR ACCIDENT RECONSTRUCTIONS
## AND PRIOR CASE OUTCOMES

Defendant seeks to prevent Plaintiff's counsel from cross-examining Defendants' expert witness, J.T. Hayes, about cases on which the expert previously testified.  Defendant argues that other cases unrelated to the pending matter are not relevant under Rule 401, and the Court agrees.  Plaintiff's response has not shown how this line of questioning could have "any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  It not even clear to the Court what fact Plaintiff is trying to establish or refute by questioning Mr. Hayes about prior cases.  Testimony regarding prior cases is irrelevant, and therefore not admissible.  Fed. R. of Evid. 402.

Defendants' motion in limine did not address whether it is admissible for Plaintiff's counsel to cross-examine Mr. Hayes regarding his "ongoing relationship" with defense counsel's firm.  At trial, the Court contemplates that it will allow attorneys for the respective parties to cross-examine any opposing expert witness as to the number of times that the witness has testified and the amount of the expert witness's charges for testimony offered in this case.

## THE REFERENCE OF DEFENDANTS' ECM MODULE
## BEING ALTERED, INCOMPLETE OR INACCURATE

The parties appear to be in agreement that when a third party downloaded the engine control module (ECM) data, some data was lost prior to the second download.  Defendant moves to exclude evidence and testimony mentioning the ECM being altered, incomplete or inaccurate, and to exclude any reference to spoliation of evidence (Doc. 166).  Defendant contends that the loss was inadvertent and does not harm Plaintiff's case, so it should be excluded because it is not relevant.  Fed. R. Evid. 401.  Defendant further argues that even if the data loss was relevant to Plaintiff's case, it should be excluded from the jury because it is more prejudicial than probative.  Fed. R. Evid. 403.

Plaintiff counters that the data loss was material and that the fact that evidence has gone missing is relevant (Doc. 172).  Specifically, Plaintiff contends that the data loss is material because Plaintiff's expert said that "it could" have been helpful to determine if Defendant O'Brien was driving too long before the accident (Doc. 172 at 4).  Plaintiff does not cite with specificity the ECM data that was lost that her expert could have used to prove fatigue.  It seems quite speculative that any such lost data could have been used by the expert to prove fatigue because Plaintiff's own expert has stated that the lost data was only oil and other fluid levels and data regarding trip intervals (Doc. 166-3).  The expert did not state that the missing data harmed his ability to make conclusions.  Thus, Plaintiff has not shown that the lost data "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401.  Instead, it seems that Plaintiff seeks to tell the jury that data was deleted so that the jury might think that Defendants were trying to hide smoking gun evidence.  Plaintiff has simply not provided any support for that idea, and without any support, it would be more prejudicial than probative.  Fed. R. Evid. 403.  The Court concludes that lost ECM data is not relevant to Plaintiff's claim as defined by Rule 401, and because it is not relevant, it will be excluded from the jury.

Spoliation allegations will not be heard by the jury.  Plaintiff's Complaint does not allege this claim.  Even after completing discovery, Plaintiff has not asserted that the named Defendants are responsible for any facts that could give rise to a spoliation claim.

Plaintiff has stated that sanctions are appropriate when evidence is intentionally destroyed (Doc. 172 at 2).  The Court will not impose sanctions because Plaintiff has not requested sanctions, nor has Plaintiff even alleged that Defendants intentionally destroyed evidence.

THEREFORE IT IS ORDERED that Defendants' Motion in Limine to Exclude Evidence and Testimony Regarding J.T. Hayes' Prior Accident Reconstructions and Prior Case Outcomes (Doc. 165), and Defendants' Motion in Limine to Exclude Evidence and Testimony Regarding the Reference of Defendants' ECM Module Being Altered, Incomplete or Inaccurate (Doc. 166) are GRANTED.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE