IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BARBARA DAHLBERG,** individually and as
personal representative of decedent Ronald Dahlberg,

    Plaintiff,

v.                                                      Case No. 11-CV-203 RHS/LFG

**MCT TRANSPORTATION, LLC, and
DANIEL J. O'BRIEN,**

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

THIS MATTER comes before the Court on Plaintiff's Motion for New Trial (Doc. 334). The Court has now considered the Motion together with Defendants' Response (Doc. 336), Plaintiff's Reply (Doc. 339), as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the motion is not well taken and should be denied.

Trial on the merits before a jury commenced March 4, 2013 and on March 8, 2013, the jury rendered its verdict for the Defendants and against the Plaintiff. Judgment was entered April 5, 2013 (Doc. 331). Plaintiff now asserts prejudicial errors and seeks a new trial. Federal Rule of Civil Procedure 59 allows the trial court broad discretion with regard to motions for new trial. According to Rule, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "We give the trial judge wide latitude with respect to [a] motion for a new trial because he [is] uniquely able to assess the likelihood that the [evidence] was prejudicial." Mayhue v. St. Francis Hosp. of Wichita, Inc., 969

F.2d 919, 922 (10th Cir. 1992). The Rules continue with limitations on situations in which the Court should grant a new trial.

> Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed. R. Civ. P. 61. "[A] new trial may be granted if the district court concludes the 'claimed error substantially and adversely' affected the party's rights." Henning v. Union Pacific R. Co., 530 F.3d 1206, 1217 (10th Cir. 2008).

Plaintiff claims seven (7) errors: the Court erred in dismissing Plaintiff's negligent training claims against Defendant MCT (Doc. 334 at 12); the Court erred in excluding testimony from Plaintiff's trucking industry expert (Doc. 334 at 16); the Court erred in excluding Plaintiff's demonstrative animations (Doc. 334 at 17); the Court erred in allowing defense counsel to make seatbelt use an issue (Doc. 334 at 18); the Court erred in prohibiting Plaintiff's accident reconstructionist from testifying regarding the physical impossibility of the eye witness's testimony (Doc. 334 at 19); the Court erred in prohibiting Plaintiff's counsel from cross-examining Defendant about his training regarding wind and accident prevention (Doc. 334 at 21); and the Court erred in allowing a law enforcement officer to offer opinion testimony outside the scope of Rule 701 (Doc. 334 at 22). For most of these alleged errors, Plaintiff's Motion (Doc. 334) does not specifically explain how the rulings prejudiced Plaintiff or how the rulings affected a substantial right. Six of these seven alleged errors relate to admitting or excluding evidence, and consistent with Rule 61, are not grounds for granting a new trial because the evidentiary rulings did not affect any party's substantial rights.

Having heard all of the evidence that was presented to the jury and having accepted their considered verdict, I find that the trial did not suffer from any prejudicial error, substantial rights were not affected, and that substantial justice has been done.  Plaintiff has not presented compelling reasons to set aside the jury's unanimous verdict and grant a new trial.  Plaintiff's claims of error may be addressed through a timely appeal.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial (Doc. 334) be and the same hereby is DENIED.

*Robert Hayes Scott*
THE HONORABLE ROBERT H. SCOTT
U.S. MAGISTRATE JUDGE