IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA DAHLBERG, individually and as
personal representative of decedent
Ronald Dahlberg,

       Plaintiff,

v.                                                        CIV 11-0203 MCA/KBM

MCT TRANSPORTATION, LLC, and
DANIEL J. O'BRIEN,

       Defendants.

## **PROPOSED FINDINGS AND CONCLUSIONS OF LAW**

      The United States District Judge presiding over this case has authorized me under 28 U.S.C. § 636 to recommend a disposition of Defendants' Motion for Order to Show Cause ("Motion") (Doc. 367). I have reviewed the Motion itself, Plaintiff's Opposition to Defendant's Motion for Order to Show Cause (Doc. 368), and Defendants' Reply in Support of their Motion for Order to Show Cause. I have also read Defendants' Response in Opposition to Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Order to Show Cause (Doc. 369).

I.    **Background**

      Plaintiff and her husband were traveling South on Interstate 25 near Las Vegas when their truck was hit by a tractor-trailer driven by Defendant Daniel O'Brien, an employee of Defendant MCT Transportation, LLC. Plaintiff was seriously injured and her

husband died from his injuries. Plaintiff made claims for relief against Defendants for negligence, gross negligence, and negligence per se. *See* Complaint, Doc. 1-2.

Plaintiff asserted that her husband, who was driving, veered to the left after O'Brien negligently encroached on their lane. Plaintiff contended that this caused the trailer that their truck was towing to sway out of control and move them abruptly into Defendant's path. Defendant O'Brien responded that he maintained his lane throughout, and even moved to the right to accommodate Plaintiff's passing attempt. Defendants argued that during the pass, Defendant's truck shielded Plaintiff's truck and trailer from a strong Western wind. After Plaintiff passed Defendants' truck, however, the wind forced Plaintiff's truck and trailer to yaw, causing the accident.

A jury decided to believe Defendants' version of events, and the Court entered a judgment in Defendants' favor. Doc. 331.[1] The Judgment awarded Defendant taxable costs. *Id.* Defendants moved for a bill of costs. Doc. 332. The Court allowed $5,980.08 in costs and disallowed $24,090.51. *See* Doc. 358. Defendants asked the Court to review the Clerk's bill of costs under Fed. R. Civ. P. 54(d)(1). *See* Doc. 360. In that motion, Defendants asked the Court to review the Clerk's exclusion of transcripts and deposition costs from the bill of costs. Doc. 360 at 2. Plaintiff failed to respond to Defendant's motion for review, so the Court granted it as unopposed, and in the alternative on its merits. Doc. 365. The amended bill of costs awarded Defendants $23,716.25. Doc. 366 at 3.

Defendants now seek discovery in aid of executing the Court's cost award under Fed. R. Civ. P. 69(a)(2). Defendants contacted Plaintiff's attorney to arrange a time and

---

[1] Plaintiff appealed various pretrial evidentiary rulings to the Tenth Circuit Court of Appeals. The appellate court issued a mandate affirming the jury's verdict on July 30, 2014. *See* Do*c*. 364.

place to depose Plaintiff. Frustrated by apparent recalcitrance by Plaintiff and her attorney, Defendants sent Plaintiff's attorney a subpoena along with a notice of deposition, ordering Plaintiff to appear at Defendants' attorneys' office on October 30, 2014, for a deposition and to bring records of her assets. *See* Doc. 367-4. Plaintiff did not move for a protective order or to quash the subpoena.

After Plaintiff did not appear at the deposition, Defendants moved the Court to order Plaintiff to show cause why she should not be held in contempt or otherwise sanctioned for her failure to appear for her deposition. Plaintiff responds that this Court does not have authority to hold Plaintiff in contempt and that other sanctions are inappropriate because the subpoena was flawed.

## II. Legal Standard

Under Federal Rule of Civil Procedure 69, a "judgment creditor…whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). For instance, a party may depose an opposing party, typically without leave of court. Fed. R. Civ. P. 30(a)(1). A deponent's attendance may be compelled by subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1).

Under Rule 45, a party's attorney may issue a subpoena commanding a person's attendance at a deposition within the state where he or she resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45 (a)(3) & (c). The attorney issuing the subpoena must tender the fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1).

Under Rule 37, a court may order sanctions against a party if she "fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37(d)(2) also provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the part failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

### III.   Discussion

Plaintiff makes two arguments against granting Defendants' Motion: (1) the Court does not have authority to hold Plaintiff in contempt because she did not violate an existing Court order by failing to attend her October 30, 2014 deposition; and (2) Defendants' subpoena was improper, and therefore cannot form the basis for any sanction against Plaintiff for her failure to appear. *See* Doc. 368 at 1.

### A.  Whether the Court has authority to impose contempt as a sanction

Plaintiff argues that contempt is not a sanction that is available to Defendants here, citing *Bellamah Corp. v. Rio Vista Apartments*, 656 P.2d 238 (N.M. 1982) and *In re GB Herndon and Associates, Inc.*, 2011 WL 6812908 (Bankr. D.D.C. Dec. 28, 2011). Doc. 368 at 2-3. According to Plaintiff, a district court may not, under Rule 37, hold a judgment debtor in contempt of court for failing to appear at a deposition noticed by the other party. *Id.* Based upon Plaintiff's concession that she is a party subject to the jurisdiction of the Court for purposes of discovery in aid of execution,[2] Defendants

---

[2] Defendants explain their requested relief was interposed because they "anticipated that Plaintiff would argue she was no longer a party" and therefore is not subject to the Court's jurisdiction. *See* Doc. 370 at 2. But Plaintiff does not argue that this Court lacks jurisdiction (nor could she; she purposefully availed herself of this Court's jurisdiction by filing the lawsuit that concluded with a judgment in Defendants' favor).Clearly this Court retains jurisdiction over enforcement proceedings. *See Riggs v. Johnson County*, 73 U.S. 166, 187, 18 L.Ed. 768, 6 Wall. 166 (1867)).

"acknowledge that the proper approach would have been to request relief under Fed. R. Civ. P. 37(d)" rather than to move for an order to show cause why Plaintiff should not be held in contempt. Doc. 370 at 3.

Notably, however, Rule 45 authorizes finding a deponent in contempt when she fails to comply with a subpoena commanding appearance at a deposition. *See* Fed. R. Civ. P. 45(g). Rule 45(g) provides that the court for the district where compliance with a subpoena is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). In other words, this Court may hold Plaintiff in contempt if she is without adequate excuse for failing to obey the subpoena issued by Defendants' counsel compelling her appearance at a deposition in New Mexico.

Plaintiff notes that Defendants' subpoena sought to force her to appear hundreds of miles from home without tendering fees for her attendance or mileage. Doc. 368 at 3. But Rule 45 provides that a subpoena may only command a party to attend a deposition "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(b)(c)(1)(B). It also requires "delivering a copy [of the subpoena] to the named person" and tendering "fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Finally, an attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

By mailing to Plaintiff's counsel a subpoena, which purported to require Plaintiff to appear for a deposition in New Mexico, hundreds of miles from her home, without tendering any fees for Plaintiff's appearance or mileage, Defendants did not comply with

the dictates of Rule 45. Accordingly, the service of the subpoena directed to Plaintiff was not effective service. *See In re GB Herndon and Associates, Inc.*, 2011 WL 6812908, at *1 (reasoning that the subpoena issued to the judgment debtor was ineffective where it was not tendered with the required fees for attendance and mileage). Given that the subpoena was ineffective, the Court cannot find Plaintiff in contempt under Rule 45(g). Moreover, Rule 37(d) does not authorize contempt as a sanction for failing to appear at a deposition in the absence of a court order that the deponent appear and be deposed. Fed. R. Civ. P. 37(b)(1) & (d)(3). To the extent that Defendants seek an order to show cause why Plaintiff should not be held in contempt, the motion is denied.

### B. Whether the Court may impose Rule 37 sanctions against Plaintiff for failing to appear for her deposition on October 30, 2014

Although the Court is sympathetic to Plaintiff's assertions that there exist less onerous means for Defendants to obtain the required discovery than forcing her to travel to New Mexico and attend a deposition, plaintiffs are typically required to make themselves available for examination in the district in which they bring suit. *See Salitan v. Carillo*, 368 P.2d 149 (N.M. 1962); *Sockey v. Huhtamaki, Inc.*, 380 F.R.D. 598, 600 (D. Kan. 2012). And depositions of parties, as opposed to non-parties, need not involve use of a subpoena. *See* Fed. R. Civ. P. 30. Under Rule 37(d)(1)(A)(i), the "failure of [a party] whose deposition was properly noticed to appear for the deposition can lead to Rule 37(b) sanctions (including dismissal or default but not contempt) without regard to service of a subpoena and without regard to the geographical limitations on compliance with a subpoena." Fed. R. Civ. P. 45(c), advisory committee note to 2013 amendment. Plaintiff does not contend that Defendants' notice of deposition failed to comply with

Rule 30 or Rule 69(a)(2). Thus, Plaintiff's failure to appear at her deposition may subject her to Rule 37(b) sanctions.

Pursuant to Rule 37(d)(2), a person's failure to appear at a deposition after being served with proper notice "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Plaintiff filed no such motion here. Yet if Plaintiff found the notice of deposition objectionable, she should have made this objection before the date she was to be deposed. *See* Fed. R. Civ. P. 37(d)(2).

Although the Court concludes that Plaintiff failed to appear for her deposition in violation of Rule 37(d)(1)(A)(i), it nevertheless agrees with Defendant that there has been considerable "confusion over the process," (Doc. 370 at 3), not only because Plaintiff did not file proper objections in advance of the October 30, 2014 deposition, but also because Defendants served Plaintiff with a Rule 30 deposition notice accompanied by an ineffective subpoena. Further, although the Court has discretion under Rule 37 to award monetary sanctions based upon Plaintiff's failure to appear at her noticed deposition, it is presumably Plaintiff's appearance at her deposition that Defendants truly seek.

Under the circumstances, the Court should reserve ruling on the issue of Rule 37 sanctions at this time, permitting Defendants to re-notice Plaintiff for a deposition under Rule 30. If Plaintiff appears at a properly-noticed deposition and produces the requested documentation, the Court should take such compliance into consideration in deciding what sanctions, if any, are appropriate.

**IV.    Conclusion**

**IT IS THEREFORE RECOMMENDED** that Defendants' motion be denied to the extent that it seeks an order to show cause why Plaintiff should not be held in contempt.

**IT IS FURTHER RECOMMENDED** that the presiding judge reserve ruling on the issue of sanctions under Rule 37, permitting Defendants to re-notice Plaintiff for a deposition pursuant to Rule 69(a)(2) and Rule 30.

**IT IS FURTHER RECOMMENDED** that if Plaintiff appears at a properly-noticed deposition and produces the requested documentation, the Court should take such compliance into consideration in deciding what sanctions, if any, to award against Plaintiff for her failure to appear at the October 30, 2014 deposition. If, on the other hand, Plaintiff does not appear at her properly-noticed deposition, Defendants should file, within 14 days from Plaintiff's non-appearance, an itemized list of costs and attorney's fees relating to the October 30, 2014 deposition and the subsequently-noticed deposition.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*/s/ Karen B. Molzen*
UNITED STATES CHIEF MAGISTRATE JUDGE